UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIYAHU MIRLIS<br>*Plaintiff*,<br><br>v.<br><br>SARAH GREER<br>*Defendant*. | No. 3:18-cv-2082 (MPS) |

**RULING ON MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER**

Plaintiff Eliyahu Mirlis ("Plaintiff") brought suit against Defendant Sarah Greer ("Defendant") to recover funds that he alleges were fraudulently transferred to the Defendant. Presently before the Court is the Plaintiff's motion for sanctions against the Defendant and her counsel. (ECF No. 77.) For the reasons discussed below, the motion for sanctions is GRANTED with respect to the Defendant to the extent set forth in this ruling. No sanctions are awarded against the Defendant's counsel.

The Court assumes familiarity with the underlying facts of the case and only sets forth the facts and legal standards necessary to decide this motion.

**I. FACTS**

The Plaintiff served discovery requests on the Defendant on May 21, 2019; compliance with the discovery requests was due on or before June 20, 2019. (Plaintiff's August 19 Letter to the Court at 1.) Following a request by the Defendant, the deadline for compliance was extended to July 22, 2019. (*Id.*) The Defendant did not respond to any of the Interrogatories or produce any responsive documents by this deadline (*Id.*) Plaintiff's counsel emailed Defendant's counsel on July 23, 2019 and July 25, 2019 and demanded compliance. (*Id.*) Plaintiff's counsel then conferred with Defendant's counsel telephonically on July 31, 2019, at which time Defendant's

counsel indicated that the Defendant would not immediately comply with the outstanding discovery request. (*Id.*)

The parties submitted letter briefs to the Court concerning this discovery dispute. (*See* ECF No. 69; Plaintiff's August 19 Letter to the Court; Defendant's August 19 Letter to the Court.) In her letter, the Defendant did not set forth any reason why the responses could not have been served in a timely manner and why the Court should not order compliance with the discovery request. (Defendant's August 19 Letter to the Court.) Accordingly, the Court construed the Plaintiff's letter brief as a motion to compel and granted the motion. (ECF No. 69.) The Court ordered the Defendant to serve complete answers to the discovery requests within 14 days of its order—by September 9, 2019. (*Id.*) The Defendant failed to comply with this deadline and, ten days after the deadline expired, filed a motion for extension. (ECF No. 78.) The Court denied the motion for extension. (ECF No. 80.) To date, the Defendant has not complied with the discovery requests.

## II. LEGAL STANDARDS

If a party fails to obey an order to provide discovery, the Court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey the discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). In addition, sanctions under Rule 37 are intended to serve three purposes: (1)

"they ensure that a party will not benefit from its own failure to comply," (2) "they are specific deterrents and seek to obtain compliance with the particular order issued," and (3) "they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

## III. DISCUSSION

The Defendant has not shown that her failure to respond to the Plaintiff's discovery request or to the Court's order was "substantially justified" or that "other circumstances" make an award of expenses unjust. To the contrary, all relevant factors counsel in favor of sanctions.

First, the Defendant's noncompliance was willful. Defendant does not argue that she was unaware of the deadlines for compliance. She also fails to set forth adequate reasons for her failure to comply. In fact, in her August 19, 2019 letter to the Court, she did not set forth *any reason* why the responses could not have been served in a timely manner. (*See* ECF No. 69; Defendant's August 19, 2019 Letter to the Court). And in her response to the motion for sanctions, she said only that she failed to comply because she was "deeply involved in preparation for [her husband's] trial and justifiably under an unusually stressful situation prior to and during trial." (ECF No. 81). But she was originally required to produce answers to the Plaintiff's discovery request well in advance of her husband's trial and, in any case, she was given ample opportunity to comply during this stressful period in her life. Thus, not only did Defendant fail to comply with the discovery request or the Court's order despite being aware of the deadlines (original and extended), but she also failed to set forth adequate reasons for her failure to comply.

Second, noncompliance—first with the discovery requests and later with the Court's order—has been ongoing for several months. The deadline for compliance with the discovery

3

requests was originally June 20, 2019. (Plaintiff's August 19 Letter to the Court at 1.) The deadline was extended to July 22, 2019. (*Id.*) The Court then ordered compliance by September 9, 2019. (ECF No. 69.) On September 19, 2019—ten days *after* the already-extended deadline expired—the Defendant filed another motion for extension. (ECF No. 78.) The Court denied this motion for extension on September 22, 2019, (ECF No. 80), but the Defendant has yet to comply.

Third, the Defendant has been given notice of the consequences of noncompliance. The Plaintiff's motion for sanctions set forth the specific sanctions requested here. (ECF No. 77.) The Court subsequently ordered the Defendant to show cause why the Court should not impose the requested sanctions. (ECF No. 80.) The Defendant was therefore aware of the potential consequences of noncompliance; yet, to date, Defendant has not complied.

## IV. CONCLUSION

For the reasons set forth above, the motion for sanctions, (ECF No. 77), is GRANTED to the extent set forth here. Defendant shall pay reasonable expenses, including attorneys' fees, associated with the Plaintiff's motion for sanctions, (ECF No. 77), and the Plaintiff's August 19, 2019 letter to the Court that is referenced in the Court's August 26, 2019 order, (ECF No. 69). Plaintiff's counsel shall file by **October 9, 2019** an affidavit and contemporaneous time records specifying dates, time spent, and work done, and any records showing other associated expenses, with respect to the August 19 letter and the motion for sanctions. The Defendant shall file by **October 16, 2019** any objections to the reasonableness of the expenses and fees sought.

In addition, by **October 11, 2019,** Defendant shall respond in full to the outstanding discovery requests and shall file an affidavit setting forth with specificity all the steps the Defendant has taken to comply with those requests. **Failure to comply with this order may**

**result in a default judgment or additional sanctions, including an order of contempt imposing a fine for every day of continued noncompliance.**

IT IS SO ORDERED.

/s/  MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             October 2, 2019