# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| |
|---|
| ELIYAHU MIRLIS<br>  *Plaintiff*,<br><br>  v.<br><br>  SARAH GREER,<br>   *Defendant*. |

No. 3:18cv2082 (MPS)

## RULING ON MOTION FOR FURTHER SANCTIONS FOR
## FAILURE TO COMPLY WITH DISCOVERY ORDER

The plaintiff moves for the imposition of sanctions, including the entry of default judgment, on the grounds that the defendant has failed to produce responsive documents in violation of the Court's order. (ECF 91.) The defendant has not responded to the motion. The motion is granted in part as follows.

In May 2019, the plaintiff served the defendant with production requests seeking, among other things, records of her bank accounts, retirement account, and household expenses. See ECF 92-1, Ex. A, Production Requests 2 & 3 (Centreville Bank); 4 (Start Community Bank); 5 (Liberty Bank); 6 & 8 (household expenses) & 7 (retirement accounts). The defendant did not respond. On August 26, 2019, I ordered the defendant to comply within 14 days. (ECF 69.) When the defendant still did not serve responses to the discovery requests, the plaintiff filed a motion for sanctions for failure to comply with the Court's discovery order under Fed. R. Civ. P. 37. (ECF 77.) On October 2, 2019, I (again) ordered the defendant "to respond in full to the outstanding discovery requests." (ECF 83.) In addition, I warned her that "[f]ailure to comply with this order may result in a default judgment or additional sanctions, including an order of contempt imposing a fine for every day of continued noncompliance." As a final measure, I ordered the defendant to pay the plaintiff's "reasonable expenses, including attorneys' fees" incurred in making the motions to compel and for sanctions.

When the defendant finally did serve responses to the production requests, her response was "I do not have any."  See ECF 92-1, Ex. A.  This motion followed.

The defendant's response that she does not "have" any of the requested documents falls short.  As plaintiff's counsel argues, the defendant must produce documents in her possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  It is well-settled that control does not require that the party have "actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents . . . ."  Coventry Capital US LLC v. EEA Life Settlements Inc., No. 17 CIV. 7417(VM), 2019 WL 6111232, at *3 (S.D.N.Y. Nov. 1, 2019)(quotation marks and citation omitted).

Given the nature of the documents sought, it appears that some, if not all, are within the defendant's control, but she has disregarded her obligation to obtain and produce them.

Therefore, the defendant shall within 14 days of this order Show Cause why default should not enter such that liability is established and the plaintiff need only prove damages upon applying for default judgment.

The defendant may satisfy this order to Show Cause by obtaining and fully producing the records within 14 days of this Order and filing on the docket an affidavit averring, under oath, that she had done so.

Failure to respond to this Order will result in the entry of default.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            January 6, 2020