**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ELIYAHU MIRLIS,
*Plaintiff*,

v.

SARAH GREER,
*Defendant*.

No. 3:18cv2082(MPS)

**RULING ON MOTION FOR RECONSIDERATION**

Defendant Sarah Greer moves for reconsideration of the Court's ruling on the plaintiff's motion for default judgment. ECF No. 118. She attaches to her motion various documents concerning her finances that were not before the Court and argues that the Court should reconsider its decision in light of these documents under Fed. R. Civ. P. 59(e) and alternatively, 60(b)(6). For the reasons set forth herein, the motion is denied.

## I. BACKGROUND

Plaintiff Eliyahu Mirlis is a judgment creditor of Daniel Greer and the Yeshiva of New Haven, Inc. ("Yeshiva"), a school Greer operated, with respect to a $21 million federal court judgment. He brought this action against Sarah Greer, Daniel Greer's wife, alleging that Daniel Greer and the Yeshiva transferred property to her in an effort to benefit the Greers and prevent Mirlis from collecting the judgment.[1] The alleged fraudulent transfers included contributions from the Yeshiva to Sarah Greer's retirement account. ECF No. 3 at ¶ 47.

[1] The complaint alleged intentional fraudulent transfer in violation of Conn. Gen. Stat. § 52-552e(a)(1); constructive fraudulent transfer in violation of Conn. Gen. Stat. § 52-552f(a) and Conn. Gen. Stat. § 52-552e(a)(2); common law fraudulent transfer; unjust enrichment; and constructive trust. ECF No. 3.

The plaintiff served discovery requests seeking the defendant's financial information, including her retirement account. Despite the Court's orders, the defendant did not comply. On June 2, 2020, the Court entered a default under Fed. R. Civ. P. 37(b)(2) because of the defendant's persistent noncompliance with and failure to respond to discovery orders. ECF No. 102 (setting forth in detail the chronology of the defendant's noncompliance and basis for the order). On June 30, 2020, the plaintiff filed a motion for default judgment under Fed. R. Civ. P. 55(b)(2). ECF No. 103. The plaintiff submitted evidence that the defendant, who is employed by the Yeshiva and is its sole employee, receives retirement benefits from the Yeshiva which are deposited in an account in her name at MassMutual. ECF No. 104-9 at 4-5. The plaintiff argued that certain retirement contributions made to the defendant were fraudulent transfers and sought them as damages. ECF No. 108, 113-1. In particular, the plaintiff argued that the amount of retirement benefits the Yeshiva paid to the defendant's retirement account increased in 2017, the year the jury verdict was reached. The plaintiff alleged that these fraudulent retirement account transfers totaled $276,925.74.11 based on evidence he provided including the defendant's W2 statements and cancelled checks from the Yeshiva payable to the defendant's MassMutual account.[2] ECF Nos. 104, 110. The defendant did not submit any evidence in response to the plaintiff's motion for default judgment. ECF No. 106. On January 4, 2021, the Court granted the motion for default judgment and awarded damages of $121,925.74 as to the fraudulent retirement account transfers. ECF No. 115 at 15. The defendant now seeks reconsideration of this aspect of the Court's decision.

## II. LEGAL STANDARD

### A. Rule 59(e)

[2] The plaintiff observed that he was hampered in his efforts to establish damages because of the "[d]efendant's discovery failures." ECF No. 104 at 6.

Under District of Connecticut Local Rule of Civil Procedure 7(c), a party may file a motion for reconsideration, which is "equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e)." *Salvagno v. Williams*, No. 3:17-CV-2059 (MPS), 2019 WL 2720758, at *4 (D. Conn. June 27, 2019); *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991). "Reconsideration motions are 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).

> [A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice…. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Cho v. Blackberry Ltd*., 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks and citations omitted). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *4 Pillar Dynasty LLC v. New York & Co., Inc*., 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). "A motion for reconsideration is committed to the sound discretion of the court." *Dingwell v. Cossette*, No. 3:17-CV-01531(KAD), 2021 WL 413619, at *1 (D. Conn. Feb. 5, 2021) (internal quotation marks and citation omitted).

**B. Rule 60(b)**

Rule 60(b) provides that a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. International Broth. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, … that a party show good cause for the failure to act sooner …, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). The "burden of proof is on the party seeking relief from judgment," in this case the defendant. *International Broth. of Teamsters*, 247 F.3d at 391.

## III. DISCUSSION

### A. Rule 59(e) Motion

The defendant argues that the Court should reconsider its decision in order to consider purported statements from MassMutual, which she attached to the motion, concerning the Yeshiva's contributions to her retirement account. ECF No. 118-1 – ECF No. 118-7. She states that "[w]hether the exhibits attached constitute newly discovery evidence or whether a reconsideration is necessary to avoid an error of evidence, this matter is appropriate to avoid a manifest injustice." ECF No. 118 at 5.

The defendant claims that she did not submit the exhibits earlier because she "had no knowledge of the family's finances," and that her husband was incarcerated and as a result of the

pandemic, it was difficult to communicate with him. ECF No. 118 at 7. But as the plaintiff points out, the information that the defendant asks the Court to consider – her purported retirement account statements – can hardly be considered "new evidence." ECF No. 120 at 2. Indeed, the defendant has not demonstrated that the records were unavailable to her -- that she could not have obtained the documents before judgment entered merely by requesting the statements from MassMutual. Simply put, there is no reason that the defendant could not have offered this evidence earlier, and no reason for her failure to produce this evidence in discovery, in response to specific requests, regarding her retirement account. That she has decided to produce these documents now does not make them new. *See Garraway v. Newcomb*, 154 F. App'x 258, 260 (2d Cir. 2005) (district court did not abuse its discretion in denying a motion for reconsideration where the movant "sought to introduce some new evidence... [which] was available to him at the time of the original summary judgment motion").

Nor has the defendant identified any manifest injustice. "The manifest injustice standard is, by definition, deferential to district courts and provide[s] relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (internal quotation marks and citation omitted). As indicated, the defendant was apprised of the plaintiff's arguments and evidence he offered in support of his claim concerning her retirement benefits but declined to offer any evidence in response. According to the defendant, the Court's ruling resulted in a manifest injustice to her and the Court should now permit her to offer evidence that was indisputably available to her during the litigation. However, as the Second Circuit has stated, "a judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief were available to the [party]" and the party "proffer[s] no reason for [its] failure to raise the arguments." *In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (internal quotation

marks omitted). *See Corsair Special Situations Fund, L.P.*, 595 F. App'x at 44 ("Where a party with all the necessary time and resources fails to raise an obvious challenge to a writ of garnishment, we do not find the imposition of a higher monetary judgment than the party deems appropriate to constitute a 'manifest injustice.'")

**B. Rule 60(b) Motion**

Fed. R. Civ. P. 60(b) also provides no basis to vacate the judgment. The defendant cursorily asserts that relief is warranted under Rule 60(b)(1) and/or (b)(2) because the information she submitted with her motion "constitute[s] either newly discovered evidence or excusable neglect." ECF No. 118 at 6. It is neither.

The defendant also claims that relief is warranted under Rule 60(b)(6) because "the facts here constitute an extraordinary circumstance." ECF No. 118 at 6. Rule 60(b)(6) is a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) – (5) of the Rule. *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). But the defendant has not identified any "extraordinary circumstances" that would "justify[ ] relief" under Rule 60(b)(6). *Id.*

**IV. CONCLUSION**

For these reasons, the defendant's motion for reconsideration (ECF No. 118) is DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
April 30, 2021